(85 Misc. Rep. 233)

### PEOPLE v. RUETIMAN.

(Court of General Sessions, New York County.    April, 1914.)

1. CRIMINAL LAW (§ 1158*)—APPEAL—CONVICTION OF CONFLICTING EVIDENCE.

A conviction of operating a motor vehicle at an unlawful speed will not be reversed because the magistrate, instead of believing defendant's evidence, believed a police officer who was the sole witness for the prosecution.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3061–3066, 3070, 3071, 3074;  Dec. Dig. § 1158.*]

2. CRIMINAL LAW (§ 1158*)—APPEAL—SCOPE OF REVIEW.

The appellate court will review a conviction sustained by evidence, only to ascertain whether defendant had a fair and impartial trial or whether there were prejudicial errors or mistakes requiring a new trial in the interest of justice.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3061–3066, 3070, 3071, 3074;  Dec. Dig. § 1158.*]

3. MUNICIPAL CORPORATIONS (§ 707*)—ORDINANCE REGULATING SPEED—EVIDENCE.

In a prosecution for driving a motor vehicle at a speed exceeding 20 miles per hour in violation of the ordinance which took effect June 1, 1913 (section 1), relating to speed regulations in the city of New York, evidence is inadmissible to rebut the presumption of reckless or negligent driving.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518;  Dec. Dig. § 707.*]

4. MUNICIPAL CORPORATIONS (§ 707*)—ORDINANCE REGULATING SPEED—WHAT CONSTITUTES VIOLATION.

The operation of an automobile at the rate of 23 miles per hour in a developed and closely built up section of New York City is a violation of the ordinance which took effect June 1, 1913 (section 1), relating to speed regulations.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518;  Dec. Dig. § 707.*]

Charles Ruetiman was convicted by a Magistrate's Court of violating an ordinance in relation to speed regulations, and appeals. Affirmed.

Alexander J. Lindsay, of New York City, for appellant.

James E. Smith, Deputy Asst. Dist. Atty., of Olean, for the People.

ROSALSKY, J.   The defendant was arrested and arraigned before Magistrate House upon an information charging him with a violation of section 1 of an ordinance in relation "to speed regulations," which took effect June 1, 1913, in that he did unlawfully operate a motor vehicle at the rate of 23 miles per hour, on Eighth avenue between Forty-Eighth and Forty-Seventh streets, in the borough of Manhattan, county of New York.  The section referred to reads as follows:

"Rates of Speed—Limitations—Presumptions.—No person shall operate, drive or propel, and no owner thereof riding thereon or therein shall cause or permit to be operated, driven or propelled, on any public highway in the city of New York, any bicycle, tricycle, velocipede, motor cycle, motor tricycle, motor delivery wagon, or motor vehicle however propelled, or any vehicle drawn by horses or other animals, recklessly or negligently, or at a speed or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in a manner so as to endanger, or to be likely to endanger, the life or limb or property of any person. Provided, that a rate of speed exceeding fifteen (15) miles per hour shall constitute prima facie evidence of a rate of speed and manner of driving prohibited as aforesaid and of a violation of the provisions of this section; provided further, that a rate of speed exceeding twenty (20) miles per hour shall constitute a rate of speed and manner of driving prohibited as aforesaid and in violation of the provisions of this section; provided further, however, that a rate of speed exceeding twenty-five (25) miles per hour on public highways where the same pass through country or outlying sections which are substantially undeveloped and sparsely settled, shall constitute a rate of speed and manner of driving prohibited as aforesaid and in violation of the provisions of this section."

The defendant was represented before the magistrate by the same counsel who appears for him upon this appeal. The police officer testified that on the 7th day of January, 1914, the defendant, while driving an automobile southerly on Eighth avenue, between Forty-Eighth and Forty-Seventh streets, at the hour of 10:25 p. m., was traveling at the rate of 25 miles per hour; that the distance traversed was 264 feet over a course that was laid out by the police department for the purpose of timing motor vehicles that were operated in a section of the city which is developed and closely built up. A certified copy of the speed ordinance after being properly proved was admitted in evidence. The defendant testified, among other things, that he was by occupation a chauffeur, and that the speedometer of the vehicle, between Forty-Ninth and Forty-Eighth streets, did not register more than 15 miles an hour. The defendant was adjudged guilty of a violation of the ordinance, and fined $50, or in default of the payment thereof to be committed to the city prison for a term not to exceed 10 days.

[1] One of the grounds urged by the defendant for a reversal of the judgment of conviction is that the magistrate was not warranted on the conflict of testimony in believing the police officer, the only witness called by the people. The question as to which witness was to be believed was pre-eminently one for the magistrate, who saw the witnesses and observed their demeanor and manner of testifying. He was therefore in a better position to determine the truthfulness or the untruthfulness of their testimony than a judge who reviews the case and who has only the written record upon which to rely. This court will not invade the province of a magistrate and interfere with his decision upon a question of fact unless it clearly appears that his finding is not sustained by the evidence or that he has made an erroneous determination upon a question of law

[2] If the evidence justifies the conclusion which he reached, the jurisdiction of this court to review the judgment of conviction must be confined to an examination of the record, with a view of ascertaining whether it was the result of a fair and impartial hearing, or whether such errors or mistakes were committed as to make it probable that the defendant's rights were so prejudiced that in the interest of justice there should be a new trial. People v. Poulin, 207 N. Y. 73, 78, 100 N. E 593; People v Ferrara, 199 N. Y. 414, 429, 92 N. E. 1054; People v Cascone, 185 N. Y. 317, 322, 78 N. E. 287; People v. Filippelli, 173 N. Y. 509, 513, 66 N. E. 402; People v. Rodawald, 177 N. Y. 408, 419, 70 N. E. 1; People v. Egnor, 175 N. Y. 425, 67 N. E.

906; People v. Hoch, 150 N. Y. 291, 44 N. E. 976; People v. Caruso, Ct. of Gen. Ses. Dec. 29, 1908; People v. Acillo, Id. Oct. 18, 1907; People v. Mandell, Id. Nov. 9, 1907; People v. Dunn, Id. May 27, 1908; People v. Kane, 79 Misc. Rep. 140, 139 N. Y. Supp. 350, Jan. 7, 1913. I can find absolutely no ground upon which I should be justified in coming to a different conclusion from that which the magistrate arrived at. I am unwilling to subscribe to the views expressed by counsel for the defendant in which he assumes to criticise the learned magistrate for eliciting from the witnesses such testimony as would enable him to adjudge the defendant guilty, and for conducting the examination of the witnesses as though he were a public prosecutor, thereby insinuating that the defendant did not have a fair and impartial hearing. This unwarranted attack upon the magistrate is without foundation, as there is nothing in the record which would justify the inference that his attitude was in any wise hostile to the defendant; on the contrary, the record shows that the proceeding was conducted with scrupulous care, and that the defendant was accorded every right to which by law he was entitled.

[3] The remaining question to be determined is: What is the lawful rate of speed at which an automobile may be operated in the city of New York in a developed and closely built up section? This brings up for consideration the construction of the section quoted. Stated briefly, my views are: It was the plain intent of the board of aldermen to prohibit at any rate of speed the operating, driving, or propelling on any public highway in the city of New York of any of the vehicles mentioned in the section, recklessly or negligently, or in a manner so as to endanger or to be likely to endanger the life or limb or property of any person. It is permissible to operate any of the vehicles mentioned, in a developed and closely built up section of the city, at a rate of speed not exceeding 15 miles per hour. If any of the vehicles is operated at a rate of speed exceeding 15 miles, and up to 20 miles, per hour, such rate of speed shall constitute prima facie evidence of a rate of speed and manner of driving prohibited by the section. If a person is arrested upon a charge of driving any of the vehicles at a rate of speed exceeding 15 miles, and up to 20 miles, per hour, such person may rebut the presumption that he drove the vehicle recklessly or negligently or in a manner so as to endanger the life or limb or property of any person. Upon establishing this, the defendant should be discharged. The driving of any vehicle mentioned at a rate of speed exceeding 20 miles per hour constitutes a violation of the section, and a person charged therewith cannot be permitted to offer any evidence or rebut the presumption of reckless or negligent driving.

[4] As the defendant operated the automobile at a rate of 23 miles per hour in a developed and closely built up section of the city, he was properly adjudged guilty of a violation of the section. The judgment of conviction is therefore affirmed.

Judgment affirmed.